# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GUSTAVO BADELL,

    Plaintiff,

v.

ADVANCED ANABOLIC SCIENCES, LLC, et al.,

    Defendants.

2:10-CV-250 JCM (PAL)

## ORDER

Presently before the court is plaintiff Gustavo Badell's motion to remand. (Doc. # 10). Defendant Advanced Anabolic Sciences, LLC filed an opposition (doc. # 13), and plaintiff Badell filed a reply. (Doc. # 15).

Also before the court is defendant Advanced Anabolic Sciences, LLC's (hereinafter "Advanced Anabolic") motion to dismiss. (Doc. # 14). Plaintiff Badell filed an opposition (doc. # 16), and defendant filed a reply. (Doc. #17).

Plaintiff filed his complaint in the Eighth Judicial District Court in January 2010 with the following claims for relief: 1) injunctive relief; 2) right of publicity; 3) invasion of privacy/misappropriation of image; 4) negligence; 5) unjust enrichment; 6) equitable lien/constructive trust. (Doc. #1). Plaintiff's complaint stems from the alleged use of his photograph in defendant's sales publication without his knowledge, consent, or compensation. On February 22, 2010, defendant Advanced Anabolic removed the case to this court on the basis of diversity.

. . .

**James C. Mahan**
**U.S. District Judge**

Federal district courts have "original jurisdiction" where there is diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). In his motion to remand, plaintiff argues that removal to this court is improper because the amount in controversy does not exceed $75,000.

Where a plaintiff has not alleged a specific amount in controversy, the defendant claiming removal jurisdiction bears the burden of establishing a sufficient amount in controversy by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996); *McCaa v. Mass. Mut. Life ins. Co.*, 330 F.Supp.2d 1143, 1145 (D.Nev.2004). A defendant may use the amount a plaintiff attached to his claim in a settlement demand letter as evidence that the amount in controversy exceeds the minimum for diversity jurisdiction. *Conn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.2002). Additionally, punitive damages may be considered as part of the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F3d 927, 945 (9th Cir. 2001).

Here, plaintiff has not specifically pleaded damages, and in accordance with Nevada law, has stated in his complaint a prayer for relief "in excess of $10,000" for each of the following: damages, disgorgement of profits, and punitive damages. Therefore, defendant must show that the amount in controversy more likely than not exceeds $75,000.

As evidence in favor of removal, defendant offers plaintiff's demand letter requesting damages in excess of five million dollars. However, the amount included in this letter does not provide any formula or calculation method in support of the demand. Without providing approximate dates or context, defendant also points to conversations where plaintiff's counsel has represented that the present case is worth at minimum $100,000. Plaintiff responds that the amount listed in the demand letter was mere puffery, and that plaintiff's counsel has no recollection of the statements made to defense counsel.

This court finds that defendant has not established by a preponderance of evidence that the amount in controversy is sufficient for the purpose of diversity jurisdiction. This court finds that defendant has made only conclusory allegations without providing specific evidence as to the value and nature of plaintiff's claims.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   Having determined that removal jurisdiction is improper, this court will not address the
2   merits of the defendant's motion to dismiss.
3   Accordingly,
4   IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff's motion to remand
5   (Doc. # 10) is GRANTED.
6   IT IS FURTHER ORDERED that defendant's motion to dismiss (doc. # 14) is DENIED
7   without prejudice.
8   DATED June 23, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -